IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORRIE R. LAZOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| PRUDENTIAL INSURANCE CO. of | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT IN CIVIL ACTION

**AND NOW**, comes Plaintiff, LORRIE R. LAZOR, by and through her attorneys, GOODRICH & GEIST, P.C., WILLIAM F. GOODRICH, ESQUIRE, and files the within Complaint:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§1331 and the Act of September 2, 1974, P.L. 93-406, Title I, Subtitle A, §2, 88 Stat. 832, 29 U.S.C. §1001 *et. seq*., as amended, known as the Employee Retirement Income Security Act of 1974 ("ERISA"), and, in particular, Section 502(a), (e) (2) and (f) thereof, 29 U.S.C. §1132(a), (e)(2) and (f).

2.      Venue is properly laid in the Western District of this Honorable Court pursuant to 28 U.S.C. §1391(a), (b), (c) and (d), as Plaintiff is a resident of the said District, she became disabled in the said District, she became a participant of Defendant's disability policy of insurance, which is the subject of this matter in controversy in the said District, and Defendant is subject to the personal jurisdiction of the said District of this Honorable Court.

3.      Venue is also properly laid in the Western District of this Honorable Court because of Defendant's diverse citizenship pursuant to 28 U.S.C. §1332(a) and (c).

## THE PARTIES

4.      Plaintiff, Lorrie R. Lazor, is a citizen of the Commonwealth of Pennsylvania, United States of America, and resides at 110 Collingwood Place, Monroeville, Allegheny County, Pennsylvania 15146.

5.      Defendant, Prudential Insurance Company of America, is a Domestic Non-Profit Corporation organized under the laws of the State of New Jersey whose principal place of business is 751 Broad Street, Newark, New Jersey 07102, United States of America, and which does business in the Commonwealth of Pennsylvania, United States of America.

6.      At all times here relevant, Defendant was acting upon its exclusive business through duly authorized servants, agents and employees who were subject to its complete direction and control.

## FACTS

7.      Plaintiff is a former employee of Macy's, Inc., ("Employer") a retail establishment, where she served as a Selling Brand Specialist from August 1988 until November 27, 2012, when she became disabled as a result of injuries sustained in an automobile accident on November 26, 2012, which injuries consist of the following:

        a.  Injuries to Upper, Middle and Lower Back;

        b.  Injuries to Right Leg;

        c.  Injuries to Right Arm and Shoulder;

d.  Injuries to Cervical;

e.  Injuries to Right Hip;

f.  Injuries to Left Chest;

g.  Lumbar Tissue Fracture;

h.  Muscle Spasms in Back;

i.  Aggravation of Degenerative Disc Disease;

j.  Aggravation of Spinal Stenosis Condition;

k.  T12-L1 Disc Injuries;

l.  Enlargement and Bulge at L1-2;

m.  Enlargement and Bulge at L2-3;

n.  L3-4 Compression Thecal Sac, Hypertrophied, Annular Bulging;

o.  L4-5 Disc Herniation with Compression of Thecal Sac, Compression of Nerve Roots Sleeves and Changes to Foramina with Compression of  Postganglionic Nerve;

p.  C4-5 and C6-7 Disc Osteophyte Aggravation;

q.  Sacroiliac Joint Injury;

r.  Aggravation of a Pre-Existing Condition to Spinal Canal from the Cervical to Lumbar Regions;

s.  Generalized Trauma and Injury to the Tissues of the Neck;

t.  Generalized Trauma and Injury to the Tissues of the Back;

u.  Generalized Trauma and Injury to the Right Arm and Shoulder Tissues;

v.  Generalized Trauma and Injury to the Right Hip and Thigh Tissues; and

w.  Shock and Injury to the Nerves and Nervous System.

8.    At all times here relevant, Employer maintained a policy of disability insurance ("Policy") through Defendant for the benefit of its employees, including Plaintiff, which Policy

3

is subject to and is governed by the provisions of ERISA and, in particular, Section 4(a) thereof, 29 U.S.C. §1003(a), and Section 201 thereof, 29 U.S.C. §1051. The said Policy is made a part of this Complaint and is attached hereto and numbered as Plaintiff's Exhibit No. "1".

9.      Plaintiff filed for disability benefits where it was determined by Defendant, at that time, that Plaintiff had met the qualifications of disability pursuant to the terms of the said Policy.

10.      Plaintiff began receiving short-term disability benefits effective November 27, 2012, through and including May 25, 2013, through Employer's short-term disability insurance carrier, Defendant herein.

11.      Plaintiff satisfied the Elimination Period for receipt of long-term disability benefits on May 26, 2013, pursuant to the terms of Employer's Policy through Defendant and began receiving the same on that date.

12.      By letter of May 26, 2015, Plaintiff's long-term disability benefits were terminated by Defendant under the said Policy on the alleged basis that Plaintiff was no longer disabled from performing the duties of her own occupation.

13.      The said letter was not received by the undersigned Counsel for Plaintiff until July 6, 2014.

14.      By letter dated July 14, 2014, to Defendant, Plaintiff, through undersigned Counsel, requested an explanation as to why Plaintiff had only received the said letter of May 26, 2015, on July 6, 2014.

15.      The said letter of July 14, 2015, also requested Defendant to provide to undersigned counsel for Plaintiff the following materials:

    a.   Copies of any and all reports and/or reviews that were received by Defendant from any physical medical and rehabilitation physician referred to in the said letter of May 26, 2015, terminating Plaintiff's long-term disability benefits;

    b.   A copy of the report of the Vocational Consultant, together with any and all correspondence to and from this individual;

    c.   Specific language from the said reports and/or correspondence leading to the determination that Plaintiff was no longer disabled and was no longer eligible to receive long-term disability benefits; and

    d.   A list of all medical records reviewed by the reviewing physical medical physician and the Vocational Consultant in addition to those of Dr. Gresock, one of Plaintiff's treating physicians.

16.    The decision of May 26, 2015, appears to have been made utilizing the medical records of only one treating physical medical physician, Dr. Gresock, to the exclusion of those of Plaintiff's other treating physical medical physicians.

17.    Despite the request of undersigned counsel for Plaintiff, as indicated above, Defendant had failed to provide this information until May 3, 2016.

18.    Upon forwarding said requested information and materials to Plaintiff's counsel on May 3, 2016; Defendant also upheld that they had sent these requested materials on July 22, 205, which counsel has no record of receiving.

19.    The failure of Defendant to provide the said information to undersigned counsel for Plaintiff has resulted in Plaintiff's inability to request and to have a full and fair determination of her disability benefits pursuant to the terms of Employer's long-term disability policy as provided by Section 503(2) of ERISA, 29 U.S.C. §1133(2).

20.    The failure of Defendant to provide the said information to undersigned counsel for Plaintiff has resulted in Plaintiff's inability to request and to have a full and fair determination of her disability benefits pursuant to the terms of Employer's long-term disability policy in violation of Plaintiff's due process rights under the United States Constitution.

21.     The said Policy of long-term disability defines "Disability," pertinent to the matter at hand, as the inability "to perform material and substantial duties of your regular occupation due to your sickness or injury" and that Plaintiff is "under the regular care of a doctor".

22.     The said Policy of long-term disability defines "material and substantial duties," pertinent to the matter at hand, as those "normally required for the performance of your regular occupation" and those which "cannot be reasonably omitted or modified".

23.     The said Policy of long-term disability defines "regular occupation" as "the occupation you are routinely performing when your disability begins."

24.     The said Policy of long-term disability defines "gainful occupation" as "including self-employment, that is or can be expected to provide you with an income within 12 months of your return to work that exceeds 60.00% of your indexed monthly earnings if you are working; or 60.00% of your monthly earnings of you are not working."

25.     Substantial medical evidence exists in the record that Plaintiff remains and will continue to remain disabled long-term and be unable to pursue either her regular occupation or a gainful occupation.


COUNT I

**PLAINTIFF vs. DEFENDANT—CLAIM FOR DISABILITY BENEFITS—ERISA, SECTION 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)**


26.     The averments of Paragraph Nos. 1-25, inclusive, are incorporated by reference as though the same had been fully set forth herein.

27.     Defendant's denial and termination of Plaintiff's long-term disability benefits under the terms of the said Policy is actionable under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), for the following reasons:

    a.   The said Policy issued by Defendant provides for receipt of disability benefits by Plaintiff based upon Plaintiff's becoming and remaining disabled pursuant to and within the definition provided for in the said Policy.

    b.   Plaintiff has established her eligibility for receipt of long-term disability benefits under the terms of the said Policy on the basis that she is unable to perform the material and substantial duties normally required of her own occupation, or any other occupation due to her medical conditions, and is therefore entitled to continued receipt of long-term disability benefits pursuant to the said Policy.

28.     Although Plaintiff was employed as a Selling Brand Specialist for Employer up to the time of the occurrence of her disability on November 27, 2012, Plaintiff has been unable to return to employment as a Selling Brand Specialist with Employer and will continue to be unable to do so in this or in any other occupational capacity due to her continuing disability.

29.     Defendant's denial of long-term disability benefits constitutes a denial of benefits, as governed by ERISA, and adversely affects Plaintiff's eligibility for long-term disability benefits.

30.     Defendant's refusal to provide the materials enumerated above in Paragraph No. 15(a)-(d), inclusive, in order that Plaintiff may pursue her request of a full and fair determination of her disability benefits is a violation of Section 503(2) of ERISA, 29 U.S.C. §1133(2) and her due process rights guaranteed to her under the United States Constitution.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant pursuant to Section 502(f)  of ERISA, 29 U.S.C. §1132(f), the costs of suit, pre- and post-judgment interest and attorney's fees and costs pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g).

Respectfully submitted:

Date:   June 21, 2016

/s/ William F. Goodrich
William F. Goodrich, Esquire
PA I.D. No.: 30235
bill@goodrichandgeist.com

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Telephone: (412) 766-1455
Facsimile: (412) 766-0300

Attorney for Plaintiff